UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-00241-FDW

| ARTHUR LEE OXENDALE, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| HUBERT CORPENING, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner Arthur Lee Oxendale's pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Also before the Court is Petitioner's Motion to Proceed In Forma Pauperis. (Doc. No. 2.)

## I. PROCEDURAL HISTORY

Petitioner is a prisoner of the State of North Carolina who, on September 12, 2016, pled guilty in Rutherford County Superior Court to first-degree kidnapping, misdemeanor larceny, and misdemeanor possession of drug paraphernalia. He was sentenced to 87 to 117 months in prison. (§ 2254 Pet. 1, Doc. No. 1.) Nothing in the § 2254 Petition or its attachments indicates Petitioner appealed his 2016 judgment.

In an exhibit attached to his habeas Petition, Petitioner indicates he filed a motion for appropriate relief ("MAR") in Rutherford County Superior Court. According to the trial court, the MAR was filed on May 5, 2017. It was denied on October 12, 2017. (Cert. Pet., Doc. No. 1 at 10.) On May 21, 2018, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals, seeking review of the denial of his MAR; the petition was denied on May 24, 2018. (Order Den. Cert. Pet., Doc. No. 1 at 9.)

1

Petitioner filed the instant § 2254 Petition on August 21, 2018.[1]  Petitioner claims his guilty plea was coerced, that the State breached the plea agreement, and that the State failed to disclose exculpatory evidence about the credibility of its key witness.  (§ 2254 Pet. 2-3, 5.)

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1).  The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  The limitations period is tolled during the pendency of a properly filed state post-conviction action.  28 U.S.C. § 2244(d)(2).

## III. DISCUSSION

Judgment was entered in this case on September 12, 2016, when Petitioner was sentenced.  To the extent he retained the right to a direct appeal subsequent to his guilty plea,

---

[1] Under Houston v. Lack, an inmate's pleading is filed at the time he or she delivers it to the prison authorities for forwarding to the court clerk.  487 U.S. 266, 276 (1988).  Here, Petitioner has failed to state when he placed the instant habeas Petition in the prison mail system.  (§ 2254 Pet. 13.)  The envelope in which the Petition was mailed is post-marked August 21, 2018.  (Env., Doc. No. 1-2.)  Accordingly, the Court finds the Petition was filed on that date.

Petitioner had 14 days to file a notice of appeal in the North Carolina Court of Appeals. See N.C. R. App. P. 4(a)(2). Because he did not file a direct appeal, Petitioner's conviction became final on or about September 26, 2016, when the time for seeking direct review expired. See § 2244(d)(1)(A).

The federal statute of limitations then ran for 221 days until May 5, 2017, when he filed his MAR. The statute of limitations tolled until at least October 12, 2017, when the trial court denied the MAR. The statute of limitations may not have tolled prior to or during the pendency of Petitioner's certiorari petition in the North Carolina Court of Appeals. The statute of limitations is tolled only while a properly filed application for post-conviction relief is pending in state court. See § 2244(d)(2). It appears that Petitioner's certiorari petition was untimely, and, therefore, not "properly filed."

North Carolina law does not require that a certiorari petition in the court of appeals be filed by a specific time in non-capital cases, but instead provides that such a petition must be filed "without unreasonable delay." N.C. R. App. P. 21(e). When confronted by a similar California law, the United States Supreme Court held that in the absence of guidance from the state, the federal court "must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what [the state] would consider a 'reasonable time.'" Evans v. Chavis, 546 U.S. 189, 198 (2006).

In North Carolina, the time for filing appeals in civil cases is thirty days; in criminal cases it is fourteen days. N.C. R. App. P. 3(c) & 4(a). The largest amount of time to seek appellate review is sixty days, and it is reserved for post-conviction appellate review of death penalty cases. N.C. R. App. P. 21(f). The United States District Court for the Middle District of North Carolina has held that "it is unlikely North Carolina would interpret N.C. R. App. P. 21(e)

3

to extend beyond thirty days, except perhaps for brief, limited periods in very unusual circumstances[.]" McConnell v. Beck, 427 F. Supp. 2d 578, 582 (M.D.N.C. 2006). The United States District Court for the Eastern District of North Carolina has concluded the same. See Paradise v. Perry, 5:16-HC-02096-D, 2018 WL 4171584, at *3 (E.D.N.C. Aug. 3, 2018), report and recommendation adopted, 5:16-HC-2096-D, 2018 WL 4154250 (E.D.N.C. Aug. 30, 2018) (applying 30 day deadline to file petition for writ of certiorari seeking review of denied MAR) (citing Coley v. Hooks, No. 5:16-HC-2308-FL, 2018 WL 1570799, at *4 (E.D.N.C. Mar. 30, 2018) (same); McConnell, 427 F. Supp. 2d at 582.).

This Court need not adopt such a specific holding at this point. Petitioner waited more than seven months after his MAR was denied before filing his petition for writ of certiorari in the North Carolina Court of Appeals. In similar situations, the North Carolina Court of Appeals has denied certiorari review, in whole or in part, because the delay was unreasonable. See e.g. In re L.R., 699 S.E.2d 479, 2010 WL 3633567, at *3 (N.C. Ct. App. 2010) (unpublished table disposition) (finding ten-month delay between adjudication order and filing of certiorari petition unreasonable); State v. Coxton, 791 S.E.2d 283, 2016 WL 4091181, at *1–2 (N.C. App. Aug. 2, 2016) (unpublished table disposition) (declining to grant certiorari petition in part because it was sought more than eight months after entry of judgment) (unpublished). If the statute of limitations did not toll between October 12, 2017 and May 24, 2018, when the certiorari petition was denied, the § 2254 Petition is untimely. See § 2244(d)(1)(A).

Petitioner has not provided an explanation for the delay in filing his certiorari petition in the state appellate court. In fact, he has ignored the § 2254 form's requirement that he address the timeliness of the instant Petition. The Court will provide him 21 days to explain why his § 2254 Petition should not be dismissed as untimely, including any reasons why equitable tolling

4

should apply.  See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that Petitioner shall, within 21 days of entrance of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely.  If Petitioner fails to comply with this Order, the Petition may be dismissed as untimely without further notice.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed In Forma Pauperis (Doc. No. 2) is **GRANTED**.

Signed: November 30, 2018

Frank D. Whitney
Chief United States District Judge