# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CASE NO. 1:18-cv-00241-MR

| | |
|---|---|
| ARTHUR LEE OXENDALE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   <u>MEMORANDUM OF</u> |
| | )   <u>DECISION AND ORDER</u> |
| HUBERT CORPENING, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

**THIS MATTER** is before the Court on the Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. 1] and the Petitioner's Motion for Writ of Mandamus [Doc. 5].

## I. BACKGROUND

Arthur Lee Oxendale (the "Petitioner") is a prisoner of the State of North Carolina who pled guilty in Rutherford County Superior Court in August 2016 to first-degree kidnapping, misdemeanor larceny, and misdemeanor possession of drug paraphernalia. [Doc. 1 at 1]. On September 12, 2016, the Petitioner was sentenced to 87-117 months in prison. [Id.]. The Petitioner did not file a notice of appeal with the North Carolina Court of Appeals within 14 days. [Doc. 1 at 2]; N.C. R. App. P. 4(a)(2). As such, the

Petitioner's conviction became final on or about September 26, 2016.  See 28 § 2244(d)(1)(A).

On May 5, 2017, the Petitioner filed a Motion for Appropriate Relief ("MAR") in the Rutherford County Superior Court.  The Court denied the Petitioner's MAR on October 12, 2017.  [Id. at 10].  On May 21, 2018, the Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the denial of his MAR.  [Id. at 9].  That petition was denied on May 24, 2018.  [Id.].

On August 21, 2018, the Petitioner, proceeding *pro se*, filed the present Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.  [Doc. 1].[1]  In his petition, the Petitioner claims that his guilty plea was coerced, that the State breached the plea agreement, and that the State failed to disclose exculpatory evidence about the credibility of its key witness.  [Doc. 1 at 2-5]. The Court[2] reviewed the Petitioner's filing and determined that it may be time barred under the statute of limitations in 28 U.S.C. § 2244(d).  [Doc. 3].  On

---

[1] Under Houston v. Lack, an inmate's pleading is filed at the time he or she delivers it to the prison authorities for forwarding to the court clerk.  487 U.S. 266, 270 (1988).  Here, the Petitioner fails to state the particular date that had placed the petition in the prison mail system.  The envelope in which the petition was mailed, however, is post-marked August 21, 2018.  [Doc. 1-2].  Accordingly, the Court finds that the Petition was filed on August 21, 2018.

[2] The Honorable District Court Judge Frank D. Whitney presiding.  On April 22, 2020, this matter was reassigned to the undersigned for further proceedings.

November 30, 2018, the Court entered an Order giving the Petitioner 21 days to file an explanation for his delay in filing a writ of certiorari.  [Id.].

On December 17, 2018, the Petitioner filed his response to the Court's November 30 Order, stating that his MAR was mailed on March 24, 2017 and filed on April 5, 2017.  [Doc. 5 at 1].  The Petitioner claims that he did not know how to file a writ of certiorari and that he had no counsel to assist him.  [Id. at 2].  The Petitioner further claims that his brother was helping him investigate his claims before he died in 2017 and that his brother's death affected him deeply.  [Id.].

On February 3, 2020, the Petitioner filed a Motion for Writ of Mandamus with this Court.  [Doc. 5].  In that filing, the Petitioner recounted that he had mailed a letter to the Court on December 17, 2018 and asked the Court to acknowledge that it had received his letter, grant his writ of habeas corpus, order an evidentiary hearing, appoint an attorney to represent him, and overturn his conviction and vacate his sentence.  [Id. at 2].

## II.    STANDARD OF REVIEW

In reviewing the Petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs the district court to dismiss a habeas petition when it plainly appears

from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses *sua sponte*," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

4

Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  The limitation period is tolled during the pendency of a properly filed state post-conviction action.  28 U.S.C. § 2244(d)(2).

In North Carolina, there is no specific deadline for filing a certiorari petition challenging the denial of an MAR in non-capital cases, as the rule only states that such a petition must be filed "without unreasonable delay." N.C. R. App. P. 21(e).  "The North Carolina Supreme Court has not defined the term 'unreasonable delay.'"  Smith v. Hooks, No. 5:18-HC-2068-FL, 2019 WL 4458854, at *3 (E.D.N.C. Sept. 17, 2019).  The United States Supreme Court has stated that in the absence of guidance from the state courts, federal courts "must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what [the state] would consider a 'reasonable time.'"  Evans v. Chavis, 546 U.S. 189, 198 (2006).  The United States District Court for the Middle District of North Carolina has held that "it is unlikely North Carolina would interpret N.C. R. App. P. 21(e) to extend beyond thirty days, except perhaps for brief, limited periods in very unusual circumstances[.]"  McConnell v. Beck, 427 F. Supp. 2d 578, 582 (M.D.N.C. 2006).  The United States District Court for the

5

Eastern District of North Carolina has concluded the same. See Coley v. Hooks, No. 5:16-HC-2308-FL, 2018 WL 1570799, at *4 (E.D.N.C. Mar. 30, 2018) (citing Evans v. Chavis, 546 U.S. 189, 198-201 (2006)). The Western District of North Carolina has yet to directly address what constitutes a reasonable time period for filing a writ of certiorari seeking review of an order denying an MAR in a non-capital case.

The Petitioner never filed a direct appeal of his September 12, 2016 conviction to the North Carolina Court of Appeals. [Doc. 1 at 2]. As such, the Petitioner's conviction became final on September 26, 2016, when the time for seeking direct review expired. N. C. R. App. P. 4(a)(2); § 2244(d)(1)(A). The federal statute of limitations then ran for 221 days until the Petitioner filed his MAR on May 5, 2017. [Doc. 1 at 10]; 28 U.S.C. § 2244(d)(2).[3] The Petitioner's MAR was denied on October 12, 2017. [Id. at 10]. At that point, the Petitioner needed to file a certiorari petition with the North Carolina Court of Appeals "without unreasonable delay" to continue tolling the federal statute of limitations period. 28 U.S.C. § 2244(d)(2); N.C. R. App. P. 21(e); Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999) (stating

---

[3] In his response to the Court's November 30, 2018 Order, the Petitioner asserts that he mailed the MAR on March 24, 2017. [Doc. 4 at 1]. As such, the Petitioner appears to claim that the federal statute of limitations only ran for 179 days between when his judgment became final on September 26, 2017 and when he filed his MAR on March 24, 2017. Houston v. Lack, 487 U.S. 266, 270 (1988).

6

that the one-year statute of limitations starts to run again at the "expiration of the period of time to seek further appellate review [of the state post-conviction motion]."). The Petitioner, however, filed the writ of certiorari with the North Carolina Court of Appeals on May 21, 2018, which was 221 days after his MAR was denied. [Doc. 1 at 9].

The Court agrees with the Middle District and the Eastern District of North Carolina and holds that absent "very unusual circumstances" a writ of certiorari is filed "without unreasonable delay" if it is filed within 30 days of the denial of the MAR. McConnell v. Beck, 427 F. Supp. 2d 578, 582 (M.D.N.C. 2006); Coley v. Hooks, No. 5:16-HC-2308-FL, 2018 WL 1570799, at *4 (E.D.N.C. Mar. 30, 2018). The Petitioner does not provide any "very unusual circumstances" that would make it reasonable for him to delay filing the writ of certiorari of 221 days. As such, the federal statute of limitations in this case tolled thirty days after the Petitioner's MAR was denied, which was November 11, 2017. At that point, the statute of limitations began running again for the remaining 144 days, ultimately expiring on April 4, 2018. §

2244(d)(1)(A).[4]  As such, the federal statute of limitations has expired, and the Petitioner's habeas petition is time-barred under § 2244(d)(1)(A).  The Petitioner does not appear to assert that any of the other exceptions in § 2244(d)(1) apply to his habeas petition.  Accordingly, the Petitioner's petition is time-barred under § 2244(d)(1)(A) unless he can show that the statute of limitations is subject to equitable tolling.

Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).  Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v.

---

[4] The Petitioner asserts that he filed his MAR on March 24, 2017, and therefore the statute of limitations had run for only 179 days prior to the MAR proceedings.  [Doc. 4 at 1].  Even if the Petitioner is correct, it has no effect on the Court's analysis issue here.  If the statute of limitations had run for 179 days prior to the MAR proceeding, it still would have restarted thirty days after the Petitioner's MAR was denied, which was November 11, 2017.  The statute of limitations would then have run for 186 days until it expired on May 16, 2018, five days before the Petitioner filed his untimely writ of certiorari.  As such, the Petitioner's habeas petition would be time-barred even if he had filed his MAR on March 24, 2017.

Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

The Petitioner claims that his efforts have been impaired because he is relying on a "jailhouse lawyer[,]" he cannot get copies of documents, he did not understand how to file a write of certiorari, and his brother passed away while helping investigate this case. [Doc. 4 at 1-3]. Those impediments do not constitute an extraordinary circumstance that prevented the Petitioner from timely filing his habeas petition. Lack of access to a law library or legal counsel, and ignorance of the law are not recognized as "extraordinary circumstances" warranting equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner," however, "ignorance of the law is not a basis for equitable tolling." (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling . . . ."); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a *pro se* prisoner's ignorance of the law warranted equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (same))).

9

Likewise, a petitioner's lack of representation will not excuse a failure to comply with the statute of limitations in § 2244. See Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (a petitioner's lack of representation during the applicable filing periods does not merit equitable tolling of the one-year statutory limitation period). A petitioner's inability to obtain copies of legal documents also does not toll the statute of limitations. Johnson v. Hunt, No. 1:08CV20-03-MU, 2008 WL 624431, at *3 (W.D.N.C. Mar. 4, 2008).

In short, the Petitioner has not cited any circumstance, extraordinary or otherwise, that stood in his way and prevented him from filing a § 2254 petition before the federal statute of limitations expired. As such, the Petitioner is not entitled to equitable tolling of the statute of limitations.

The Petitioner has received notice of the statute of limitations under § 2244(d)(1)(A) and has been given an opportunity to address the statute of limitations issue. [Doc. 3]; see Hill v. Braxton, 277 F.3d 701, 706-07 (4th Cir. 2002). The Petitioner, however, has failed to show that any of the other exceptions in § 2244(d)(1) apply to his habeas petition or that he is entitled to equitable tolling of the statute of limitations. As such, it is clear that the petition is untimely under §§ 2244(d)(1)(A). Accordingly, the petition will be dismissed.

Because the Court has disposed of the habeas petition, the Petitioner's Motion for Writ of Mandamus [Doc. 5] is moot. <u>See</u> <u>In re Dixon</u>, 21 F. App'x 198, 198 (4th Cir. 2001). ("Because the district court has disposed of [the habeas] petition and closed the case on its docket, [the] petition for a writ of mandamus is moot."). As such, the Petitioner's Motion for Writ of Mandamus will be denied. [Doc. 5].

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## <u>O R D E R</u>

**IT IS, THEREFORE, ORDERED** that the Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. 1] is **DISMISSED WITH PREJUDICE** as untimely and procedurally barred under 28 U.S.C. §

2244(d)(1)(A), and the Petitioner's Motion for Writ of Mandamus is **DENIED** as moot.  [Doc. 5].

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**

Signed: June 9, 2020

Martin Reidinger
Chief United States District Judge