UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00241-MR

| | |
|---|---|
| ARTHUR LEE OXENDALE,  )<br>)<br>Petitioner,  )<br>)<br>vs.  )<br>)<br>HUBERT CORPENING,  )<br>)<br>Respondent.  )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Motion to Reconsider [Doc. 11].

## I.  BACKGROUND

Arthur Lee Oxendale (the "Petitioner") is a prisoner of the State of North Carolina who pled guilty in Rutherford County Superior Court in August 2016 to first-degree kidnapping, misdemeanor larceny, and misdemeanor possession of drug paraphernalia. [Doc. 1 at 1]. On September 12, 2016, the Petitioner was sentenced to 87-117 months in prison. [Id.]. The Petitioner did not file a notice of appeal with the North Carolina Court of Appeals within 14 days. [Id. at 2]; N.C. R. App. P. 4(a)(2). As such, the Petitioner's conviction became final on or about September 26, 2016. See 28 § 2244(d)(1)(A).

On May 5, 2017, the Petitioner filed a Motion for Appropriate Relief ("MAR") in the Rutherford County Superior Court.[1] The Court denied the Petitioner's MAR on October 12, 2017. [Id. at 10]. On May 21, 2018, the Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the denial of his MAR. [Id. at 9]. That petition was denied on May 24, 2018. [Id.].

On August 21, 2018, the Petitioner, proceeding *pro se*, filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. [Doc. 1].[2] In his petition, the Petitioner claims that his guilty plea was coerced, that the State breached the plea agreement, and that the State failed to disclose exculpatory evidence about the credibility of its key witness. [Doc. 1 at 2-5]. The Court[3] reviewed the Petitioner's filing and determined that it may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d). [Doc. 3]. On

---

[1] The Petitioner asserts that he filed his MAR on March 24, 2017. [Doc. 4 at 1]. As discussed *infra*, the exact date of the Petitioner's filing does not affect the Court's analysis.

[2] Under Houston v. Lack, an inmate's pleading is filed at the time he or she delivers it to the prison authorities for forwarding to the court clerk. 487 U.S. 266, 270 (1988). Here, the Petitioner fails to state the particular date that had placed the petition in the prison mail system. The envelope in which the petition was mailed, however, is post-marked August 21, 2018. [Doc. 1-2]. Accordingly, the Court finds that the Petition was filed on August 21, 2018.

[3] The Honorable District Court Judge Frank D. Whitney presiding. On April 22, 2020, this matter was reassigned to the undersigned for further proceedings.

November 30, 2018, the Court entered an Order giving the Petitioner 21 days to file an explanation for his delay in filing a writ of certiorari. [Id.].

On December 17, 2018, the Petitioner filed his response to the Court's November 30 Order, stating that his MAR was mailed on March 24, 2017, and filed on April 5, 2017. [Doc. 4 at 1]. The Petitioner also filed letters with the Court that his "ex-Michelle Hodge" sent him on October 3, 2016 and October 21, 2016. [Doc. 4-1]. He claims that she served as a key witness for the prosecution in his trial and that she apologized in her letter "for lying to police." [Doc. 11 at 1].

On June 9, 2020, the Court entered an Order dismissing the Petitioner's habeas petition as untimely and denying the Petitioner's Motion for Writ of Mandamus as moot. [Doc. 9]. In that Order, the Court concluded that the Petitioner's petition was untimely because it was filed more than one year after the judgment in his case became final. [Id. at 11-12]. The Court also noted that "[t]he Petitioner does not appear to assert that any of the other exceptions in § 2244(d)(1) apply to his habeas petition." [Id. at 8].

On June 29, 2020, the Petitioner filed a Motion to Reconsider asking the Court to reconsider its June 9 Order. [Doc. 11]. While the Petitioner does not cite a particular Rule of Civil Procedure in his Motion, the Court construes the Petitioner's Motion as one under Rule 59(e).

3

## II. STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure provides that a judgment may be altered or amended in order: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). The purpose of this Rule is to "permit[ ] a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Id. (citation and internal quotation marks omitted). Ultimately, the decision to grant or deny a Rule 59(e) motion is a matter within the Court's discretion. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 407 (4th Cir. 2010).

## III. DISCUSSION

In his Motion to Reconsider, the Petitioner makes two arguments that the Court erred in its application of the statute of limitations. [Doc. 11 at 1]. In his first argument, the Petitioner claims that the Court erred in its calculation of the statute of limitations period under 28 U.S.C. § 2244(d)(1)(A). [Id. at 2]. In his second argument, the Petitioner states that the letters that he filed with the Court constitute a factual predicate for

bringing a habeas petition that is otherwise time-barred under 28 U.S.C. § 2244(d)(1)(D). [Id. at 1].

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitation period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

With regard to the Petitioner's first argument, the Court concludes that it made no error when applying the statute of limitations. As the Court stated

5

in its June 9 Order, the statute of limitations began running when the Petitioner's conviction became final on September 26, 2016. It ran for 221 days until the Petitioner filed his Motion for Appropriate Relief ("MAR") on May 5, 2017.[4]  The statute of limitations then tolled until thirty days after the Petitioner's MAR was denied, which was November 11, 2017. At that point, the statute of limitations restarted and ran for 144 days before expiring on April 4, 2018. As such, the statute of limitations expired before the Petitioner filed his writ of certiorari on May 21, 2018, or filed his habeas petition on August 21, 2018. Accordingly, the Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d)(1)(A) and the Petitioner's first argument is without merit.

The Petitioner's second argument asserts that his habeas petition is not barred because it was filed within one year after he discovered the "factual predicate of the claim or claims" in his petition. [Doc. 11 at 1 (citing 28 U.S.C. § 2244(d)(1)(D)].  Specifically, the Petitioner claims that he

---

[4] The Petitioner asserts that he filed his MAR on March 24, 2017, and therefore claims that the statute of limitations had only run for 179 days. [Doc. 4 at 1]. Even if true, the Petitioner's claim would not change the Court's conclusion. If the Petitioner had filed his MAR on March 24, 2017, the statute of limitations would have run for 179 days prior to that filing. The statute of limitations began running on November 11, 2017, which was thirty days after the Petitioner's MAR was denied. The statute of limitations then would have run for 186 days until it expired on May 16, 2018. The Petitioner had not filed his writ of certiorari or his habeas petition at that time.  As such, the Petitioner's habeas petition would still be time-barred even if he is correct that he filed his MAR on March 24, 2017.

6

discovered the factual predicate for his habeas claims when he received letters from his "ex-Michelle Hodge" that are dated October 3, 2016 and October 21, 2016. [Id.; Doc. 4-1]. While the Petitioner claims that the letters show a key witness admitting to lying to the police, the Court's review of the contents of those letters does not support that conclusion. In any event, the Petitioner did not file his habeas petition until August 21, 2018, nearly two years after he received those letters. As such, he failed to file his habeas petition within one year as required by 28 U.S.C. § 2244(d)(1)(D). Accordingly, the Petitioner's habeas petition is untimely and the Petitioner's second argument is without merit.

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Reconsider [Doc. 11] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED**.

Signed: July 8, 2020

Martin Reidinger
Chief United States District Judge